UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARRY JAMES FRANKLIN,<br><br>                Petitioner,<br><br>    vs.<br><br>BOB DOOLEY, WARDEN; and<br>MARTY JACKLEY, ATTORNEY<br>GENERAL OF THE STATE OF SOUTH<br>DAKOTA,<br><br>                Respondents. | 4:15-CV-04149-LLP<br><br><br><br>REPORT & RECOMMENDATION |

**INTRODUCTION**

Petitioner, Larry James Franklin ("Franklin") an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Docket Nos. 1 & 7. His petition was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge.

On October 2, 2015, this court issued an order requesting both parties to file briefs addressing whether Mr. Franklin's petition was timely and explaining how the statute of limitations is applied in § 2254 proceedings.  See Docket No. 9.  Mr. Franklin filed a response.  See Docket No. 10.  Respondents complied with the order by filing a motion to dismiss on statute of limitations grounds.  See Docket No. 11.

**FACTS**

On February 11, 2009, a jury found Mr. Franklin guilty of two counts of rape.  At the sentencing hearing held on August 4, 2009, Mr. Franklin was sentenced to thirty (30) years' imprisonment on each count, said sentences to be served consecutively.  See Docket No. 12-1.  Mr. Franklin filed a direct appeal to the South Dakota Supreme Court and his conviction was affirmed on June 1, 2010.  See Docket No. 12-2 (State v. Franklin, 789 N.W.2d 733 (S.D. June 1, 2010)(Table)).  No petition for certiorari was filed with the United States Supreme Court.  See Docket No. 7 at p. 3, question 9(h).

Mr. Franklin thereafter filed a state habeas petition on March 7, 2012 (dated February 28, 2012).  See Docket No. 12-3; Docket No. 7, p. 3.  After this court alerted the parties to the potential statute of limitations issue, Mr. Franklin filed a one-page pleading in which he stated he was "fairly sure that [he] filed [his] state habeas corpus" petition in 2011.  See Docket No. 10. After reviewing the state court records in Mr. Franklin's case, the court concludes that Mr. Franklin first filed a habeas petition in state court on March 7, 2012.  Id.

Counsel was appointed to represent Mr. Franklin and the state court held an evidentiary hearing on his habeas petition.  See Docket No. 12-4.  On November 20, 2013, counsel filed an amended application for writ of habeas corpus.  This document was intended to replace Mr. Franklin's *pro se* application dated March 1 and March 7, 2012.  The state court denied Franklin's habeas petition on October 7, 2014.  See id.

Mr. Franklin then moved the circuit court for the issuance of a certificate of probable cause on October 29, 2014.  The circuit court denied this motion on March 31, 2015.

Mr. Franklin then filed a motion for a certificate of probable cause with the South Dakota Supreme Court on April 13, 2015.  The South Dakota Supreme Court denied Mr. Franklin's motion for certificate of probable cause on July 10, 2015.  See Docket Nos. 1-4 and 12-5.  Mr. Franklin filed this federal habeas petition on September 22, 2015.  See Docket No. 1.

## DISCUSSION

### A.      Standard Applicable to Rule 12(b)(6) Motions

The Federal Rules of Civil Procedure are applicable to § 2254 habeas actions so long as the procedural rules do not conflict with the habeas statutes or the Rules Governing Section 2254 Cases in the United States District Courts ("Governing Rules").  See Governing Rule 12.  Federal Rule of Civil Procedure 12(b)(6) is not inconsistent with the Governing Rules.  Compare Governing Rules 4 & 5 (allowing respondent to respond to petitioner's habeas petition with a motion), with Fed. R. Civ. P. 12(b)(6) (same); see also Ebert v. Clarke, 320 F. Supp. 2d 902, 909-10 (D. Neb. 2004) (holding that FED. R. CIV. P. 12(b)(6) applies in habeas proceedings under § 2254)..

Rule 12(b)(6) allows dismissal of a habeas petition if the petitioner has failed to state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  Petitioners must plead "enough facts to state a claim to relief that is

*plausible* on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a [petition] with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a petition. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a [petitioner] armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the petitioner has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the petition that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief. Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. These are the principles guiding the court's evaluation of respondents' motion.

Rule 12(b)(6) requires the court to evaluate the sufficiency of a petitioner's pleading of a claim by examining his or her petition. See FED. R. CIV. P. 12(b)(6); Iqbal, 556 U.S. at 679. Rule 56, the rule for summary judgment, allows the court to consider affidavits, documents, deposition transcripts and other items extraneous to the petition in determining whether to grant the motion. See FED. R. CIV. P. 56.

Courts evaluating a Rule 12(b)(6) motion are not strictly limited to evaluating the petition alone, however.  Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013).  They may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Id. (citing Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1357 (3d ed. 2004))).

When a respondent files a response to a § 2254 action, whether it be an answer or a motion to dismiss, the respondent is directed to attach any transcripts or other parts of the underlying state court records the respondent considers to be relevant.  See Governing Rule 5(c).  The respondent is *required* to address whether the petition is barred by failure to exhaust state remedies, procedural default, non-retroactivity, or the statute of limitations.  See Governing Rule 5(b).  Here, respondents have supplied the court with copies of documents from the underlying state criminal and state habeas proceedings in compliance with Governing Rule 5(c).  See Docket Nos. 12-1 through 12-6.  The court has supplemented this filing by examining the entire state habeas files.  Because these documents are required by Governing Rule 5(c), and because these documents are of the type which the court would be allowed judicially notice, the court considers these documents in ruling on respondents' Rule

6

12(b)(6) motion.  Dittmer Properties, L.P., 708 F.3d at 1021; FED. R. EVID.

201(b); Governing Rule 5(c).

**B.      AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs

habeas relief in federal court on behalf of state prisoners.  AEDPA contains a

one-year statute of limitations as follows:

> **(d)      (1)** A 1-year period of limitation shall apply to an application
> for writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of—
>> **(A)** the date on which the judgment became final by
>> the conclusion of direct review or the expiration of the
>> time for seeking such review;
>> **(B)** the date on which the impediment to filing an
>> application created by State action in violation the
>> Constitution or laws of the United States is removed, if
>> the applicant  was prevented from filing by such State
>> action;
>> **(C)** the date on which the constitutional right asserted
>> was initially recognized by the Supreme Court, if the
>> right has been newly recognized by the Supreme Court
>> and made retroactively applicable to cases on
>> collateral review;
>> **(D)** the date on which the factual predicate of the claim
>> or claims presented could have been discovered
>> through the exercise of due diligence.
> **(2)**     The time during which a properly filed application for
> State post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the

statute of limitation period, at "(1) either the conclusion of all direct criminal

appeals in the state system, followed by either the completion or denial of

certiorari proceedings before the United States Supreme Court; or (2) if

certiorari was not sought, then by the conclusion of all direct criminal appeals

in the state system followed by the expiration of the time allotted for filing a

petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

The time allotted for filing a petition for writ of certiorari with the Supreme

Court is ninety days.  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

   The statute of limitation for § 2254 petitions is subject to tolling.  See 28

U.S.C. § 2244(d)(2).  This one-year statute of limitation period is tolled, or does

not include, the time during which a properly filed application for state post-

conviction relief or other collateral review is pending in state court.  Faulks v.

Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).  The phrase

"post-conviction or other collateral review" in § 2254's tolling provision

encompasses the "diverse terminology that different States employ to represent

the different forms of collateral review that are available after a conviction."

Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, § 2254's tolling provision

"applies to all types of state collateral review available after a conviction."  Id.

State collateral or post-conviction proceedings "are 'pending' for the period

between the trial court's denial of the [post-conviction relief] and the timely

filing of an appeal from it."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005)

(citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also

Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state

post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The court notes that the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling has the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Mr. Franklin never asserts that the statute of limitations should be equitably tolled for him. No reason for equitable tolling is apparent to the court from this record.

Applying the above law, the court concludes that Mr. Franklin's federal habeas petition is time-barred. The AEDPA statute of limitations began running in his case on August 31, 2010, which was 90 days after the June 1, 2010, South Dakota Supreme Court's affirmance of his conviction on direct appeal. Absent any events that tolled the limitations period, the statute of limitations ran on Mr. Franklin's federal habeas claim on August 31, 2011. Nothing occurred between August 31, 2010 and August 31, 2011 to toll the statute for Mr. Franklin.

Filing a state habeas petition can act to toll the limitations period, but Mr. Franklin did not file his first habeas petition in state court until March 1, 2012. By this time, the AEDPA statute of limitations had already expired some six months earlier. As discussed above, Mr. Franklin does not urge the application of the doctrine of equitable tolling in his case. The court concludes that Mr. Franklin's § 2254 petition in this court must be dismissed as untimely.

## CONCLUSION

Based upon the above law, facts and analysis, this court respectfully recommends that respondents' motion to dismiss [Docket No. 11] be granted and that petitioner Larry Franklin's § 2254 habeas petition [Docket Nos. 1 & 7] be dismissed with prejudice as untimely.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED November 23, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge